NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
KWASI SEKOU MUHAMMAD,               :
                                    :
                 Plaintiff,         :    Civil No. 12-0325 (CCC)
                                    :
       v.                           :
                                    :
CITY OF NEWARK, et al.,             :    **OPINION**
                                    :
                 Defendants.        :
_____ :

**APPEARANCES:**

Kwasi Sekou Muhammad, *Pro Se*
#422750/139888
Southern State Correctional Facility
4295 Route 47
Delmont, NJ 08314

**CECCHI, District Judge**

Plaintiff, Kwasi Sekou Muhammad, incarcerated at Southern State Correctional Facility ("SSCF") in Delmont, New Jersey seeks to bring this action *in forma pauperis* ("IFP"). Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed IFP pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

The Court must now review the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), to determine whether it should be

1

dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that Plaintiff's Complaint should be dismissed.

## BACKGROUND

Plaintiff seeks to sue the Newark Police Department and various police detectives, prosecutors, a hospital, and a private citizen under 42 U.S.C. § 1983. (Compl., p. 2).

Plaintiff asserts that in May of 1993, he was "hanging" at a friend's house, when two cars, apparently stolen, drove by and shot him. As a result of the shooting, Plaintiff's left leg was amputated. (Compl., ¶¶ 8-18). Plaintiff argues that:

> During and before the shooting the Newark Police did not patrol the area, nor did any special task force to prevent stolen vehicles patrol the area, nor was there any special gang task force in place to prevent gang violence and stolen vehicles, although the neighborhood was known for having stolen vehicles speed through the area.

(Compl., ¶ 14). With regard to the private citizen he sues, Margaret Lucas, Plaintiff states: "Plaintiff's mother [presumably, Ms. Lucas] did not ask plaintiff's consent nor discuss anything with him prior to doctors and/or surgeons amputating his limb." (Compl., ¶ 18). He notes that "there were no alternative moods [sic] of treatment expressed to his mother or to him as to a result of the shooting."

2

(Compl., ¶ 17).

Plaintiff asserts that the foregoing violated his right to equal protection of the law, as well as various New Jersey state laws. He argues that defendant Lucas breached a fiduciary trust. Plaintiff filed these claims in state court.[1] He asks for monetary and other relief, and for appointment of counsel. (Compl., "Request for Relief", "Request for Appointment of Counsel").

## DISCUSSION

### 1. Standards for a *Sua Sponte* Dismissal

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and § 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

---

[1] This Court notes that Plaintiff's admission that he has filed his claims in state court may bar his claims from being presented here, under the doctrines of issue and claim preclusion. See, e.g., Taylor v. Sturgell, 553 U.S. 880, 892 (2008).

3

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed.2d 868 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Citing its opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(citing *Iqbal, supra*).

The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff

4

must demonstrate that the allegations of his complaint are plausible. *See Iqbal*, 556 U.S. 677-679. *See also Twombly*, 505 U.S. at 555, & n.3; *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011); *Bistrian v. Levi*, 696 F.3d 352 (3d Cir. 2012). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211 (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008)).

## 2. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994); *Malleus v. George*, 641 F.3d

560, 563 (3d Cir. 2011).

### 3. Limitations Period

Federal courts look to state law to determine the limitations period for § 1983 actions. *See Wallace v. Kato*, 549 U.S. 384, 387–88 (2007). Civil rights or constitutional tort claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. *See Wallace, supra; Wilson v. Garcia*, 471 U.S. 261, 280 (1985). Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann., § 2A:14-2, governs Plaintiff's claim. *See Montgomery v. DeSimone*, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989). Under N.J. Stat. Ann. § 2A:14-2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action. *See Cito*, 892 F.2d at 25; *accord Brown v. Foley*, 810 F.2d 55, 56 (3d Cir.1987).

The statute of limitations is an affirmative defense that the defendants generally must plead and prove. *See Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) (statute of limitations on civil rights claim is an affirmative defense). While a plaintiff is not required to plead that the claim has been brought within the statute of limitations, *Ray v. Kertes*, 285 F.3d 287, 297

6

(3d Cir. 2002), the Supreme Court observed in *Jones v. Bock*, 549 U.S. 199, 215 (2007), that if the allegations of a complaint, "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."

In this case, Plaintiff plainly alleges that his injuries occurred on May of 1993, when he was shot. He would have two years from that date to timely file his claim. Plaintiff's complaint was filed on January 10, 2012, the date he signed it, which was well beyond the statute of limitations.[2]

## CONCLUSION

For the reasons stated above, Plaintiff's Complaint must be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), for failure to state a claim upon which relief may be granted. The dismissal is without prejudice to Plaintiff filing a motion to reopen and an Amended Complaint to address the deficiencies, as set forth in this Opinion. Plaintiff's Request for

---

[2]This Court notes that New Jersey statutes set forth certain bases for "statutory tolling." *See, e.g.*, N.J. Stat. Ann. § 2A:14-21 (detailing tolling because of minority or insanity). New Jersey also allows equitable tolling, where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," and where "a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum." *Freeman v. New Jersey*, 347 N.J. Super. 11, 31, 788 A.2d 867, 879-80 (N.J. App. Div. 2002)(citations omitted). As pled, the Complaint does not allege any basis for statutory or equitable tolling. Plaintiff may move to reopen this matter, attaching to any such motion to reopen an Amended Complaint detailing any basis for tolling.

Counsel is dismissed as moot.

An appropriate Order follows.

                                              CLAIRE C. CECCHI
                                              United States District Judge

Dated: January 18, 2013