NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KWASI SEKOU MUHAMMAD, | Civil Action No. 12-325 (CCC) |
| Plaintiff, | |
| v. | OPINION |
| CITY OF NEWARK, et al., | |
| Defendants. | |

**APPEARANCES**:

Kwasi Sekou Muhammed
72 South 9th Street
Newark, NJ 07107
Petitioner Pro Se

**CECCHI, District Judge**:

This matter is before the Court on Plaintiff's motion to re-open this case and file an amended Complaint (Dkt. # 7). Plaintiff has requested appointment of pro bono counsel. Plaintiff's motion to re-open will be granted and the Clerk of the Court will be directed to file the amended Complaint (Dkt. # 7, pages 44-59). The amended Complaint will be dismissed without prejudice and Plaintiff's request for counsel will be denied as moot. Within forty-five days, Plaintiff may file a motion to reopen and a second amended Complaint addressing any arguments as to why the statute of limitations should not be deemed to have run.

## I. BACKGROUND

In his initial Complaint, Plaintiff sought to bring claims against unknown persons employed by the Newark Police Department, the Essex County Prosecutors' Office, and the

University of Medicine & Dentistry of New Jersey ("UMDNJ"), and finally his mother, Margaret Lucas, under 42 U.S.C. § 1983, related to circumstances arising in 1993. This Court dismissed the Complaint without prejudice (Dkt. #4, 5) because it was filed long after the two-year statute of limitations period expired. *Muhammad v. City of Newark*, No. 12-0325 (CCC), 2013 WL 211345 (D.N.J. Jan. 18, 2013). Plaintiff was given leave to amend to address the deficiencies. Plaintiff has now filed a Motion to re-open the case and amend the complaint (Dkt. #7).

In his amended Complaint, Plaintiff asserts claims related to the same set of circumstances and against the same defendants as in the original Complaint. In his motion accompanying the amended Complaint, Plaintiff states that he was shot on May 29, 1993, taken to the UMDNJ hospital where a below-the-knee amputation was performed on his left leg as a result of the shooting. Plaintiff was later incarcerated for unrelated offenses. While in the custody of the Department of Corrections, Plaintiff was seen on February 8, 2010 by a doctor at Northern State Prison. During the course of the examination, the doctor asked Plaintiff about the amputation and expressed surprise that the limb was amputated when Plaintiff was 14 years old. Plaintiff asserts that after learning that the shooting occurred in 1993, the doctor "informed Plaintiff that UMDNJ has level one trauma and they have and should have had the technology in 1993 to save his limb." (Dkt. # 7, page 6). Plaintiff states that prior to that discussion with the doctor, he had been told by his mother that the limb could not have been saved.

Plaintiff asserts that the statute of limitations should be equitably tolled here because it was not until his discussion with the doctor on February 8, 2010 that he was aware of the cause of action that he now wishes to bring against defendants.

## II. STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil action in which a plaintiff is proceeding *in forma pauperis* or a prisoner is seeking redress against a government employee or entity. The Court must *sua sponte* dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

To survive dismissal "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief," and will be dismissed. *Id.* at 678 (citations and internal quotation marks omitted); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009) ("[A] complaint must do *more than allege the plaintiff's entitlement to relief.* A complaint has to "show" such an entitlement with its facts.") (emphasis supplied). The Court is mindful, however, that the sufficiency of this *pro se* pleading must be construed liberally in favor of the plaintiff, even after *Iqbal*. *See generally Erickson v. Pardus*, 551 U.S. 89 (2007).

3

## III. DISCUSSION

As stated above, this Court previously dismissed Plaintiff's claims because the Complaint was filed long after the two-year statute of limitations had run. In his motion which is presently before the Court, Plaintiff asserts that he should be afforded equitable tolling based on a conversation that he had with a doctor on February 8, 2010 about the May 29, 1993 injury. Plaintiff does not assert that the doctor with whom Plaintiff had the 2010 conversation had special knowledge of Plaintiff's injuries or the actions of any defendants. Rather, Plaintiff appears to argue that equitable tolling should apply here simply because the conversation caused him to question whether his leg could have been saved.

Federal courts look to state law to determine the limitations period for § 1983 actions. *Wallace v. Kato*, 549 U.S. 384, 387-88, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007) ("Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations[.]"). A complaint under § 1983 is "characterized as a personal injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (citing *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989)). In New Jersey, § 1983 claims are subject to New Jersey's two-year statute of limitations on personal injury actions. *See id.* at 185. *See also* N.J. Stat. Ann. § 2A:14-2. Under federal law, a § 1983 cause of action accrues when the allegedly wrongful act occurred. *See Wallace*, 549 U.S. at 388 ("It is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief") (internal citations and alterations omitted). The statute of limitations is an

affirmative defense that the defendants generally must plead and prove. *See Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) (holding that the statute of limitations on civil rights claim is an affirmative defense). While a plaintiff is not required to plead that the claim has been brought within the statute of limitations, *Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002), the Supreme Court observed in *Jones v. Bock*, 549 U.S. 199, 215 (2007), that if the allegations of a complaint "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."

According to Plaintiff's allegations, his injuries occurred on May 29, 1993 and thus his claims would have accrued on that date, since he was present at the time and had knowledge of the alleged injuries as they occurred. The applicable two-year statute of limitations would have then expired in May of 1995. Plaintiff's Complaint here was filed substantially out of time.

However, Plaintiff argues in his motion that the statute of limitations should be equitably tolled since it was not until his February 8, 2010 conversation with the doctor at Northern State Prison that he became aware of the possibility that his leg could have been saved.

New Jersey statutes set forth certain bases for "statutory tolling," *see, e.g.,* N.J.S.A. § 2A:14-21 (detailing tolling because of minority or insanity); N.J.S.A. § 2A 14-22 (detailing tolling because of non-residency of persons liable), but the amended Complaint does not allege any basis for such tolling. Even if Plaintiff made a claim for statutory tolling based on his minority status at the time of injury, that tolling period would have expired long before he filed his Complaint.[1] New Jersey law also permits "equitable tolling" where "the complainant has been induced or

---

[1] N.J.S.A. § 2A:14-21 provides that a person entitled to commence an action who is under the age of 18 years may commence the action within the time limited by statute after having reached majority. Since Plaintiff was 14 years old in 1993, it appears that the statute of limitations here would have begun to run in approximately 1997, expiring two years later in approximately 1999.

5

tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defectively pleading or in the wrong forum. *See Freeman v. State*, 788 A.2d 867 (N.J. Super. Ct. App. Div. 2002) (citations omitted). "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." *Id.*

In this case, Plaintiff fails to articulate any basis for equitable tolling. He has not shown misconduct by any defendants with respect to filing dates of any constitutional claims, nor has he shown any extraordinary circumstances which prevented him from timely filing here. He also has not alleged that he timely asserted his rights through defective pleading or in the wrong forum. Since Plaintiff has not shown that he is entitled to any form of tolling, the amended Complaint will be dismissed without prejudice as untimely. Within forty-five days, Plaintiff may file a motion to reopen and a second amended Complaint addressing any arguments as to why the statute of limitations should not be deemed to have run.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion to re-open this case and file an amended Complaint is granted. However, the amended Complaint will be dismissed without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted. Plaintiff will be granted forty-five days to file a motion to reopen and a second amended Complaint addressing any arguments as to why the statute of limitations should not be deemed to have run. Plaintiff's request for appointment of pro bono counsel will be denied

as moot. An appropriate order accompanies this opinion.

_____
Claire C. Cecchi, **U.S.D.J.**

DATED: November 25, 2013